UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMMY LACY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-1231-JBM |
| | ) |
| DR. K. OSMUNDSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW**

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Illinois River Correctional Center ("IRCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On December 15, 2019, Plaintiff broke his middle finger while using weight equipment at the IRCC gym. Plaintiff subsequently underwent reconstructive surgery to the finger, with placement of a metal rod and pins. Plaintiff claims to have suffered significant and unremitting pain and loss of function ever since. He claims that he has not received adequate pain medication, that he has not been given "proper physical therapy," and that he should be referred

1

to a hand specialist. Plaintiff claims to have made multiple complaints to Defendants Dr. Osmundson and Nurse Practitioner Miller. They offer him only Tylenol, telling him there is nothing they can do for him, short of amputation.

Plaintiff has corresponded with Defendant Meeker, the Director of Nursing, requesting that she refer him to a hand specialist. He has received no response. Plaintiff requests unspecified money damages.

## ANALYSIS

Deliberate indifference a prisoner's serious medical need violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment violation, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonella v. Sheehan,* 81 F.3d 1422, 1427 (7th Cir. 1996). Mere negligence or even gross negligence does not constitute deliberate indifference. *Snipes,* 95 F.3d at 590 (citations omitted).

Here, Plaintiff claims that Defendants Osmundson and Miller failed to offer him appropriate treatment regarding the persistent pain and loss of function in his finger, and failed to refer him to a hand specialist. Defendants may be liable for deliberate indifference where they provide "no modifications in care [and engage in] inexplicable delays or departures from common medical standards." *Petties v. Carter*, 836 F.3d 722, 731 (7th Cir. 2016), *as amended (Aug. 25, 2016)*. Here, Plaintiff has alleged that he suffers unremitting pain and diminished function in the affected finger due to inadequate pain treatment and lack of physical therapy.

This is sufficient to require that Defendants answer. These claims will proceed against Defendants Osmundson and Miller.

Plaintiff also asserts that he should be referred to a hand specialist. Plaintiff makes no reference to corroborating medical evidence, other than his own judgment, to support the need for a referral. A prisoner's mere dissatisfaction with medical treatment does not give rise to a constitutional claim unless the refusal to refer is "blatantly inappropriate." *See Pyles v. Fahim*, 771 F.3d 403, 411–12 (7th Cir. 2014) (internal citations omitted). The refusal to refer may be blatantly inappropriate "if the need for specialized expertise either was known by the treating physicians or would have been obvious to a lay person, [if so] then the 'obdurate refusal' to engage specialists permits an inference that a medical provider was deliberately indifferent to the inmate's condition." *Id*. at 412 (internal citation omitted). Plaintiff's allegations here are inadequate to allow a reasonable inference that the failure to refer him was blatantly inappropriate. This claim is DISMISSED. In the event that Plaintiff can demonstrate that Defendants knew or should have known of the need for a referral, or that the need for referral was obvious even to a layman, he may petition the Court for leave to amend the complaint.

Plaintiff also alleges that he wrote a letter to Nursing Director Meeker, asking that she refer him to a hand specialist. Plaintiff does not allege, however, that Defendant, who was not a physician, had the authority to make the referral. *See Johnson v. Doughty,* 433 F.3d 1001, 1014-15 (2006) (affirming judgment for nurse healthcare administrator who was found not liable for those decisions which were left up to physicians). Furthermore, "[s]imply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels,* No. 11- 282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011). *See also, Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot

establish personal involvement and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.) Defendant Meaker is DISMISSED.

Plaintiff also names Warden Hinthorne, but asserts no allegations against her. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). However, merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Defendant Hinthorne is DISMISSED as well.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claims against Defendants Osmundson and Miller regarding the failure to adequately treat Plaintiff's pain and provide him physical therapy. Plaintiff's claims as to the failure to refer to a specialist are DISMISSED though he may seek leave to amend, as instructed in this order. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Hinthorne and Meaker are DISMISSED.

2. Plaintiff files [4] a motion for recruitment of *pro bono* counsel and includes a copy of a single letter addressed to "Law Firm." The Court finds that Plaintiff fails to demonstrate a good faith effort to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. The Clerk is directed to send Defendants pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If Defendants fail to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendants no longer work at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for Defendants, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

8.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.   Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

11/6/2020            s/Joe Billy McDade
ENTERED            JOE BILLY McDADE
           UNITED STATES DISTRICT JUDGE